CROSS, Chief Judge
(dissenting).
I must of necessity respectfully dissent.
The genesis of this cause was the institution of a suit by the plaintiff, Agnes M. *494 Kohloss, for declaratory relief wherein she seeks a judgment declaring her to be the fee owner of certain property, to-wit, the East ten feet of Lot One, of Block B, of Eden Acres, which property is located in Orange County, Florida.
The plaintiff owns property that abuts this strip of subdivision land but which is outside the subdivision.
The property in question was originally owned by the defendant, Development Company of Orlando, Inc., which (pursuant to Chapter 59-1646, as amended by Chapter 1658 Special Acts of 1959[1]) platted Lot 1 as Ranger Boulevard. Subsequently the defendant, Development Company of Orlando, Inc., filed a petition with the Board of County Commissioners to close, vacate and abandon a portion of Ranger Boulevard, and the Commission so adopted a resolution vacating and abandoning the East ten feet and the West ten feet of Ranger Boulevard. The clerk recorded the abandonment, and thereafter the Development Company of Orlando, Inc., deeded the East and West ten feet of Ranger Boulevard to the defendant, Winter Park Pines Development Co. The plaintiff purported to have acquired title to the East ten feet as an abutting property owner by virtue of the abandonment.[2] The trial court agreed, and summary final judgment was entered for the plaintiff, and the majority herein by affirming that summary final judgment has compounded the error of the trial court.
Initially, Chapter 59-1658, § 7(2) (g), is at best vague as to the interest acquired by the public when an owner dedicates land for a road, street, alley, or other right-of-way. This section states that the effect of such a dedication “shall be to vest in the public body having control and jurisdiction of the roads, streets, alleys and other rights-of-way, and its successors, full, complete and exclusive possession and control of the same * *
It is fundamental that possession and control is not synonymous with ownership or title. A person may have possession and control of something without being the owner thereof or having title thereto. Title implies possession and control, but possession and control does not necessarily imply title.
*495 I am not inclined to assume under the wording of this statute that the public acquires fee simple title or any other title to the dedicated land. By the wording of the statute the public acquires only possession and control. It therefore cannot be reasonably argued that upon abandonment of the public’s possession and control of the dedicated land, title would be in anyone but the dedicator.
It is a general rule of the common law that the fee of the land over which a highway passes is owned equally by the owners of the adjoining ground. 39 Am.Jur.2d, Highways, Streets and Bridges § 160. This rule, however, is not artificial and of positive institution, but is founded on the presumption in the absence of proof that the highway was originally granted by the adjoining proprietors over their land in equal proportion. This is not a presumptio juris et de jure, but a reasonable presumption based on probability. Where it appears, however, that the highway was laid wholly over the land of one person, the presumption is annulled, and to hold by inference against fact that the fee of one person should be extended beyond his land and of the other, restrained to narrower limits because he had dedicated his land for a road would be a most inequitable fiction.
The majority most erroneously believes that by virtue of Section 336.12, Florida Statutes, F.S.A., a street when vacated must be equally divided between the property owners of the respective opposite sides of the street, irrespective of the fact that the whole street came from the property of one party, the statute talks in the terms of “abutting fee owners.” Is this to be construed to mean, in case the whole street is given by one party and the owners of the property on the other side contributed no part of the street, that upon vacation of the street the owners of the property on the opposite side shall have one-half of the street in fee? If one is to place this construction on the statute, as apparently the majority has done, then the statute must fall; it would be against public policy. Section 12 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A. prevents the taking of private property without just compensation. This is the public policy of the State of Florida as expressed in its organic law. F.S. section 336.12, F.S.A., must be construed in a manner in which it would not violate the Constitution of the State of Florida. This construction placed upon it by the majority would make this statute unconstitutional, and would in effect be a taking of the private property of defendant, Winter Park Pines Development Co., without just compensation.
Law abounds in the United States in conformity with the construction that I have given to Section 336.12, F.S. See Buell v. Sears & Roebuck Co., D.D.C. Colo. 1962, 205 F.Supp. 865; Shoen v. Baker, 1930, 130 Kan. 630, 287 P. 233; Neil v. Independent Realty Company, 1927, 317 Mo. 1235, 298 S.W. 363; 38 Am.Jur.2d, Highways, Streets and Bridges § 184; and 70 A.L.R. 565.
I would reverse.

. Section 1 of chapter 59-1658 amends § 7 of chapter 59-1646 to read: “Section 7 (1) No plat shall be recorded hereafter unless it shall show the following:
(g) A dedication to the public by the owners of the lands involved, of all roads, streets, alleys and other rights-of-way, however designated, shown on the plat, for perpetual use for public road and street purposes and other purposes incidental thereto. The effect of the dedication shall be to vest in the public body having control and jurisdiction of the roads, streets, alleys and other rights-of-way, and its successors, full, complete and exclusive possession and control of the same and of all installations therein for the full width thereof as shown on the plat. It is specifically provided, however, that such owner or owners may, as an appurtenance to the lands and not for themselves individually, reserve the reversion or reversions thereof when the roads, streets, alleys and other rights-of-way shall be discontinued by law.”
Section 2 of chapter 59-1658 amends section 10(d) of chapter 59-1646 to read:
“A dedication to the public of all roads, streets, alleys and other thoroughfares, however designated, that may be required by the Board of County Commissioners. The dedication shall be for the perpetual use of the public for the full width of the roads, alleys, streets, and other thoroughfares, and shall be made by all persons having any interest in any lands abutting on the roads, streets, alleys or other thoroughfares.
The effect of the dedication shall be the same as that provided in subsection G of Section 7 of this Act. The right of reservation or reservations as provided in subsection G of Section 7 of this Act shall be had by such dedicators.”

. See F.S. section 336.12, F.S.A., which provides “ * * * and if the fee of road space has been vested in the county, same will be thereby surrendered and will vest in the abutting fee owners to the extent and in the same manner as in case of termination of an easement for road purposes.”